958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John R. DESHURLEY; Margaret J. Deshurley; Betty J.
Whittaker, Plaintiffs-Appellants,
v.
James Earl DAVIS aka Jim E. Davis, et al., Defendants,
and
American General Life Insurance Company, a Delaware
corporation, Defendant-Appellee.
 No. 91-55320.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1992.
Decided March 19, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. The district court did not abuse its discretion in ruling that plaintiffs' securities expert could not testify regarding the methods insurance companies normally use to supervise their agents because he had not been qualified as an expert in corporate management or corporate personnel. United States v. Marabelles, 724 F.2d 1374, 1381-82 (9th Cir.1984).
 
 
 3
 B. Nor did the district court abuse its discretion in barring plaintiffs from asking Robert Hughes whether American General Life encouraged him to use the idea of financial planning as a marketing tool; such testimony was irrelevant. See Coursen v. A.H. Robins Co., 764 F.2d 1329, 1333 (9th Cir.), amended, 773 F.2d 1049 (9th Cir.1985). Moreover, following this ruling the plaintiffs failed to preserve their objection by making an offer of proof as to the substance of the excluded evidence. See id.; Fed.R.Evid. 103(a)(2).
 
 
 4
 C. The district court's written instructions to the jury were neither incomplete nor erroneous, and they did not materially differ from the court's oral instructions.
 
 
 5
 D. The district court did not err in finding that American General Life's "control person" liability was to be judged against the lesser standard of good faith applicable to non-broker/dealers. See Kersh v. General Council of the Assemblies of God, 804 F.2d 546, 550-51 (9th Cir.1986). The court also did not err in finding that the evidence permitted only one reasonable conclusion: that American General Life had proven that it acted in good faith at all times relevant to this litigation. See Kersh, 804 F.2d at 552; Zweig v. Hearst Corp., 521 F.2d 1129, 1135-36 (9th Cir.), cert. denied, 423 U.S. 1025 (1975); see also Hollinger v. Titan Capital Corporation, 914 F.2d 1564, 1575 (9th Cir.1990) (en banc) (defendant bears burden of proving good faith), cert. denied, 111 S.Ct. 1621 (1991).
 
 
 6
 E. However, the district court did err in directing a verdict in favor of American General Life "as to all of the securities claims," RT 1519, for in so doing it erroneously directed a verdict on the plaintiffs' respondeat superior theory of liability. See Hollinger, 914 F.2d at 1577-78; see also Plaintiffs' Consolidated Opposition to American General's Motions for a Directed Verdict 33-34 (arguing that a directed verdict on the securities claims is improper because American General Life is liable under respondeat superior). It would not have been unreasonable for the jury to conclude that American General Life was responsible for Agent Davis' actions under a theory of respondeat superior. Indeed, the jury apparently found American General Life liable on plaintiffs' state law claims on the basis of respondeat superior. And the district court itself noted that "[t]aking the facts in the light most favorable to the plaintiffs, ... Davis may have been an employee of American General Life" and "Davis was under the power or influence of American General Life." Order Entering Directed Verdict for American General Life, Oct. 25, 1990, at 2 & 5.
 
 
 7
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3